## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
## OCTOBER SESSION, 1997

FILED

February 24, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

THE KNOXVILLE NEWS-      )     C.C.A. NO. 03C01-9708-CR-00331
SENTINEL,                )
    Appellee,            )
                         )
                         )     KNOX COUNTY
VS.                      )
                         )     HON. RICHARD R. BAUMGARTNER
THOMAS DEE HUSKEY,       )     JUDGE
                         )
    Appellant.           )     (Tenn. Rule App. P. 9 Appeal -
                         )     Motion to Unseal Record)
In Re:                   )
                         )
STATE OF TENNESSEE       )
                         )
    Appellee,            )
                         )
v.                       )
                         )
THOMAS DEE HUSKEY,       )
                         )
    Appellant.           )

FOR THE APPELLANT:

HERBERT S. MONCIER
Suite 775 Nationsbank Center
550 Main Street
Knoxville, TN 37902

GREGORY P. ISAACS
Suite 280 One Centre Square
Knoxville, TN 37901

FOR THE APPELLEE:

RICHARD L. HOLLOW
NATHAN D. ROWELL
Watson, Hollow & Reeves, PLC
1700 First Tennessee Plaza
Knoxville, TN 37901-0131

JOHN KNOX WALKUP
Attorney General and Reporter

JOHN H. BAKER, III
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

RANDALL E. NICHOLS
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

In this interlocutory appeal taken pursuant to Tennessee Rule of Appellate Procedure 9, the Appellant, Thomas Dee Huskey, asks this Court to reverse the decision of the Knox County Criminal Court allowing Intervenor-Appellee, the Knoxville News-Sentinel, (hereinafter KNS), to inspect previously sealed summary cover sheets of attorney fee and expense claims which set forth the total fees and expenses paid to defense counsel out of public funds dedicated for use in representing indigent criminal defendants. The trial court also ordered unsealed those documents reflecting the total amounts paid out for the services of expert witnesses in the defense of the case. Detailed attorneys fee and expense claims, motions and orders dealing with authorization of expert services, and detailed time sheets of undisclosed defense experts were left sealed and unavailable for public or press inspection.

The Appellant claims the trial court's order is illegal, unconstitutional, and prejudices his right to a fair trial. The Appellee argues that the well-recognized and constitutionally prescribed public nature of judicial proceedings in this state mandates that the public and press be allowed to examine the documents which were unsealed by the trial court.

After a careful review of the record and the extensive briefs filed in this matter we are of the opinion that the judgment of the trial court must be affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Appellant, Thomas Dee Huskey, was charged in 1992 with the commission of thirty-two separate offenses involving ten victims. Four of the alleged offenses are charged as capital murder. The case has generated a great deal of

publicity in Knox County and the surrounding area.  The trial of the capital cases is currently stayed due to the pendency in the Tennessee Supreme Court of a separate interlocutory appeal dealing with a court-ordered mental evaluation of Mr. Huskey.

Mr. Huskey is indigent and two attorneys were appointed to represent him. Over time these attorneys have submitted to the trial court various requests for attorneys fees and expenses, including money for the payment of expert witnesses assisting in Mr. Huskey's defense.  These documents were ordered held under seal. On June 2, 1997, KNS filed a motion to intervene in the case and asked the trial court to unseal documents pertaining to any application for, support of, or payment of fees or expenses in connection with the defense of the case.  On June 6, 1997, the trial court granted KNS permission to intervene, and on July 11, 1997, a hearing was conducted on the petition of KNS for access to the documents in question.

On July 16, 1997, the trial court entered an order partially granting the newspaper's motion.  The court ordered:

> (1)     That detailed time sheets and detailed expense sheets submitted by defense counsel in this matter, shall remain sealed until the cases are concluded, but the summary cover sheets setting forth the total amount paid to defense counsel shall be unsealed.
>
> (2)     That motions requesting expert services and the orders authorizing those services shall remain sealed until the conclusion of these cases.
>
> (3)     That the detailed time sheets of the authorized experts in this case shall remain sealed, but the total amount paid to experts or for expert services shall be unsealed.  If a particular expert has offered evidence in the case and is known to the public through on the record proceedings then the total amount paid to those individual experts will be disclosed.  All other experts or expert services not heretofore of record shall remain unidentified until the cases are concluded, but the total amount paid for those services shall be released as a lump sum.

The trial court further ordered that the documents ordered unsealed be forwarded to this Court, and we now have them before us.

On August 14, 1997, Mr. Huskey's attorneys filed an application for an interlocutory appeal pursuant to Tennessee Rule of Appellate Procedure 9. The application was granted by the trial court on the same day. On September 3, 1997, this Court granted the application and the matter is now before this Court.

## II. TRIAL COURT JURISDICTION

Appellant's first complaint regards the jurisdiction of the trial court to grant the relief requested by KNS. Appellant maintains that this is not an appropriate action under the Tennessee Public Records Act, Tennessee Code Annotated Section 10-7-501, et seq., and no other provision of the law allows the criminal court to grant KNS the right to inspect these documents.

Tennessee Code Annotated Section 10-7-503(a) declares:

> All state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tennessee Code Annotated Section 10-7-504 contains a number of exceptions to the generally public nature of governmental records, however, none of those exceptions are pertinent here. In addition the Tennessee Supreme Court has recognized other exceptions to the right to inspect public records.

In Appman v. Worthington, 746 S.W.2d 165 (Tenn. 1987); the Tennessee Supreme Court held that documents in an active criminal case which would not be subject to discovery and inspection under Tennessee Rule of Criminal Procedure 16 are not subject to inspection under the Public Records Act. The Court reasoned that Rule 16's protection of certain material from discovery constituted an exception

-4-

to Public Records Act inspection in an active criminal prosecution. In the case sub judice, Mr. Huskey alleges that Tennessee Rule of Criminal Procedure 16(b)(2) exempts the documents in question from inspection under the Public Records Act and thus the trial court should not permit inspection of the documents by the media. We disagree.

Rule 16(b)(2) provides:

> Information not Subject to Disclosure. -- Except as to scientific or medical reports, this subdivision does not authorize the discovery or inspection of reports, memoranda, or other internal defense documents made by the defendant, or the defendant's attorneys or agents in connection with the investigation or defense of the case, or of statements made by the defendant, or by state or defense witnesses, or by prospective state or defense witnesses, to the defendant, the defendant's agents or attorneys.

It is obvious that this rule is designed to maintain confidentiality with respect to materials connected to the substantive defense of a criminal prosecution. While many of the documents left sealed by the trial court may fit into this category since they might reveal defense confidences such as the names of potential experts and the subjects of their research, it is apparent that the cover sheets which merely reflect totals paid to attorneys and experts do not reveal any defense confidences. Such materials do not fall within the purview of Rule 16(b)(2).

Secondly, and perhaps more importantly, the only reason the materials in question were confidential in the first place is because the trial court ordered the materials sealed.[1] Documents sealed by a court of this state are not subject to inspection under the Tennessee Public Records Act. Ballard v. Herzke, 924 S.W.2d 652, 662 (Tenn. 1996). However, because of the general public right of access to courts and their records, it is appropriate to allow media entities to intervene in court

---

[1]Courts have inherent power to seal their records when privacy interests outweigh the public's right to know. In re Knoxville News-Sentinel Co., Inc. 723 F.2d 470 (6th Cir. 1983).

proceedings wherein the intervenors seek modification of a court order sealing judicial records from public inspection. Id.[2]

Ballard is but the last in a line of Tennessee cases recognizing the public's right to intervene and examine judicial proceedings when the public's right to know can be balanced against the right of litigants to a fair adjudication of the substantative civil or criminal proceeding. See, e.g., State v. James, 902 S.W.2d 911 (Tenn. 1995); State v. Drake, 701 S.W.2d 604 (Tenn. 1985).

Taken together we believe this line of cases firmly establishes the right of the public, including the media, to intervene in court proceedings for the purpose of attending the proceedings, or for the purpose of petitioning the Court to unseal documents and allow public inspection of them. We believe the trial court properly allowed KNS to intervene in this case.

## III. RIGHT OF PUBLIC ACCESS TO COURT PROCEEDINGS AND DOCUMENTS

As noted earlier, the Tennessee Supreme Court has recognized a qualified right of the public, founded in common law and the First Amendment to the United States Constitution, to attend judicial proceedings and to examine the documents generated in those proceedings.[3] Ballard v. Herzke, 924 S.W.2d 652, 661 (Tenn.

---

[2]Ballard involved media intervention in a civil case wherein the intervenors sought modification of a protective order which had sealed discovery documents in a highly publicized dispute concerning the financial operation of a retirement community in Memphis, Tennessee. We believe however that the reasoning of Ballard applies with equal force to the instant case.

[3]Article I, Sec. 19 of the Constitution of Tennessee presumably extends a similar qualified right to the public. That section provides:

> That the printing presses shall be free to every person to examine the proceedings of the Legislature; or of any branch or officer of the government, and no law shall ever be made to restrain the right thereof. The free communication of thoughts and opinion, is one of the invaluable rights of man, and every citizen may freely speak, write, and print on any subject, being responsible for the abuse of that liberty. But in prosecution for the publication of papers investigating the official conduct of officers, or men in public capacity, the truth thereof may be given in evidence; and in all indictments for libel, the jury shall have a right to determine the law and the facts, under the direction of the court,

1996). However, this right of access is not absolute and it must be balanced against other interests such as a criminal defendant's right to a fair trial. State v. Drake, 701 S.W.2d 604, 607 (Tenn. 1985). This balance must be carefully struck, and any restriction on public access must be narrowly tailored to accommodate the competing interest without unduly impeding the flow of information. Id.

In the context of a request by a media entity to examine sealed fee and expense documents relating to public monies expended in the defense of indigent criminal defendants, the balancing of competing interests discussed supra., is best illustrated by a federal case that is remarkably similar to the case at bar. In United States v. Suarez, 880 F.2d 626 (2nd Cir. 1989); a Connecticut newspaper was allowed to intervene in a federal armed robbery prosecution involving the theft of $7.6 million from a Wells Fargo depot in West Hartford, Connecticut. The newspaper petitioned the district court to allow inspection of, inter alia, sealed summary cover sheets on fee and expense documents which reflected interim amounts expended out of public funds for expert services and attorneys fees connected to the defense of the indigent defendants. The district court granted the newspaper access to these cover sheets. These cover sheets reflected total amounts expended out of public monies, but did not contain detailed information about particular subjects of expert inquiry, nor did the cover sheets disclose information which might reveal defense strategy beyond that already known to the prosecution.[4] The United States Court of Appeals for the Second Circuit held that the newspaper was entitled to the limited access granted by the district court, since

as in other criminal cases.

See also, H&L Messengers, Inc. v. City of Brentwood, 577 S.W.2d 444 (Tenn. 1979) (holding both the First Amendment to the United States Constitution and Art. I, § 19 are not absolutes and that narrowly tailored restrictions on free speech may be utilized to serve important governmental interests.)

[4]Facsimile of blank cover sheets such as those for which public inspection was granted appear as Appendices A and B at 880 F.2d 634-635.

-7-

public inspection of the cover sheets would not prejudice the defendant's rights to a fair trial. Id. at 629.

In reaching its decision, the court in Suarez rejected the very same arguments posited by Mr. Huskey in the instant case. The court found that the "barebones data" contained in the cover sheets would not reveal defense strategies so as to prejudice the defendant's rights to a fair trial. Id. at 631. The court concluded that examination of the documents did not compromise the defendant's rights to attorney-client privilege, work product protection, or the effective assistance of counsel. Id.

Finally, the Suarez court noted that the defendants argued that their right to the equal protection of the law was being violated by the limited access to documents afforded the press. The defendants contended, as does Mr. Huskey, that were they not indigent they would not be required to disclose such fee and expense information as that contained in the cover sheets. The court found however, that while the public has no protected interest in knowing how privately retained attorneys and experts are compensated, it has a strong interest in knowing how public monies are expended. This difference justifies the disparity in treatment, however unfortunate, between indigent and non-indigent criminal defendants. Id. at 632.

We are persuaded that the Suarez decision reflects a well-reasoned approach to the issues presented by the Appellant, Mr. Huskey. The documents which were unsealed by the trial court contain only total amounts authorized and expended in the defense of this case. Documents which might reveal defense strategies or the identities of previously undisclosed experts remain sealed under the trial court's order of limited public access. We are unable to discern how

revelation of the "barebones" information ordered unsealed will prejudice Mr. Huskey's right to a fair trial.  We also reject for reasons stated in <u>Suarez</u> and discussed <u>supra.</u>, that revelation of these documents will compromise work product protections, attorney-client privilege, deprive Mr. Huskey of the effective assistance of counsel, or violate Mr. Huskey's right to the equal protection of the law.

Accordingly, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, JUDGE

_____
DAVID H. WELLES, JUDGE