
# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 4, 2017 Session[1]

## TERESA KOCHER, ET AL. v. LAUA BEARDEN, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-003028-15    Rhynette N. Hurd, Judge

---

### No. W2016-02088-COA-R3-CV

---

This appeal involves a third-party's attempt to intervene in this case in order to gain access to documents in the record, as the entire record was previously sealed by the trial court pursuant to an agreed order between the original parties. The trial court denied the third-party's motion to intervene and also denied its motion to modify the order sealing the record. For the following reasons, we reverse the trial court's denial of the motion to intervene, vacate its denial of the motion to modify the protective order sealing the record, and remand for further proceedings.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed in part, Vacated in part, and Remanded

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and W. MICHAEL MALOAN, SP. J., joined.

Andre Bernard Mathis and John Irving Houseal, Jr., Memphis, Tennessee, for the appellant, Durham School Services, LP.

Hardin Chase Pittman, William Anderson Hampton, and R. Layne Holley, Germantown, Tennessee, for the appellees, Laua Bearden and Sheryl Bearden.

John R. Holton, Memphis, Tennessee, for the appellees, Timothy Kocher and Teresa Kocher.

Darryl D. Gresham, Memphis, Tennessee, *Guardian ad Litem*.

---

[1]Oral Argument in this case was heard at the University of Tennessee at Martin.

# OPINION

## I. FACTS & PROCEDURAL HISTORY

The original parties involved in this proceeding were Mr. and Mrs. Laua Bearden ("the Beardens") and Mr. and Mrs. Timothy Kocher ("the Kochers") and their minor son. On October 23, 2014, the Kochers' thirteen-year-old son was riding his bicycle to school when he was struck by a truck driven by Mr. Bearden. On July 20, 2015, the Kochers and Beardens filed a "Joint Petition for Approval of Minor's Settlement" in the circuit court of Shelby County. That same day, the circuit court entered an "Agreed Order Sealing File and Barring Public Access to Hearings."[2] The agreed order stated,

> This case is before the Court upon the joint requests of the parties to seal the judicial record of this case from public inspection and to bar public access to the courtroom while the Court hears any matters in this case[.] Having duly considered the contemporaneous Joint Petition for Approval of Minor's Settlement and the statements of counsel for the parties, the Court finds the requests well-taken due to the sensitive nature of the evidence and factual issues before the Court and the privacy interests of the instant minor [] and his family[.]

The agreed order required the court clerk to seal the judicial record and withhold it from public access, "barring all but the parties and the Guardian ad Litem from accessing the record."[3]

Two months later, on September 23, 2015, the Kochers filed a separate lawsuit in circuit court against Durham School Services, LP ("Durham"), asserting claims individually and as parents, guardians, and next friends of their son. Durham provided school bus services to students at the child's middle school. The Kochers alleged that the bus to which their son was assigned was negligently operated on the morning of the accident and left their son's bus stop before the designated time. According to the Kochers, the child returned home and told his father that he was going to ride his bicycle to school, and he was struck by a truck before he reached the school. The Kochers'

---

[2]When documents are ordered to be filed "under seal," it generally means that the document in question is filed with the court clerk as part of the court's record in the case, but the clerk and the parties are prohibited from showing the document to anyone not a party to the lawsuit. *In re NHC-Nashville Fire Litig.*, 293 S.W.3d 547, 561 (Tenn. Ct. App. 2008). The sealed documents are often kept in an opaque covering, taped shut, in the court clerk's file, and designated as "under seal." *Id.* at 562 n.7.

[3]This agreed order is the only document that appears in the appellate record from the original proceeding between the Kochers and the Beardens. The style of the case indicates that the petition was brought by the Kochers as parents, guardians, and next friends of their son, and as "Co-Petitioners/Plaintiffs," and the Beardens were designated as the "Co-Petitioner[s]/Defendant[s]."

complaint alleged that Durham's actions proximately caused their child's injuries and damages. The complaint further alleged that "there are no other persons or entities, other than [Durham], who are responsible, either directly or indirectly, for the injuries and damages to Plaintiffs herein."

Durham removed the lawsuit to the United States District Court for the Western District of Tennessee. There, Durham filed an answer asserting that the conduct of other persons, including the driver of the vehicle that struck the child, proximately caused the child's injuries. Durham asserted the comparative fault of the driver, Mr. Bearden. Discovery ensued. Durham propounded interrogatories asking the Kochers to identify all documents they sent to or received from the driver of the vehicle (or his insurer). They also asked whether the Kochers had entered into any compromise or settlement with the driver. The Kochers refused to answer these interrogatories, claiming that such information was subject to a court order prohibiting disclosure. Durham also served the Kochers with requests for production of documents, seeking any documents exchanged with the driver, complaints they filed against him, or settlement agreements with him, but the Kochers again claimed that such information was subject to a court order prohibiting disclosure. Durham also asked for any documents filed in the circuit court case between the Kochers and the Beardens, but the Kochers again refused, stating that the record was "filed under seal."

Durham subsequently filed a motion to compel discovery. The motion was heard by Chief United States Magistrate Judge Diane Vescovo. Magistrate Judge Vescovo concluded that the documents and information sought by Durham's interrogatories and requests for production of documents were relevant under Rule 26(b)(1) of the Federal Rules of Civil Procedure. However, at the time of the hearing, the agreed order sealing the record in the Kocher-Bearden case remained sealed along with the rest of the record, so the extent of its protection was not clear to Magistrate Judge Vescovo or to Durham. As a result, Magistrate Judge Vescovo directed Durham

> to first file a motion with the Shelby County Circuit Court in Docket No. CT-003028-15 to unseal the case to obtain the information and documents sought in [the discovery requests] and to determine if the order sealing Docket No. CT-003028-15 precludes the plaintiffs from responding to discovery requests propounded in this case, particularly as to documents that are not on file with the Shelby County Circuit Court, such as correspondence predating the filing of the Circuit Court case, sworn statements taken in conjunction with the matter giving rise to the Circuit Court case, or settlement agreements, if any, or to discussing the facts of the case in response to discovery requests or depositions.

3

The motion to compel discovery was denied without prejudice.

On August 25, 2016, Durham filed a motion to intervene in the Kocher-Bearden case in Shelby County circuit court. Durham sought permissive intervention pursuant to Tennessee Rule of Civil Procedure 24.02 "in order to gain access to certain sealed documents filed in this matter." Specifically, Durham sought intervention "for the limited purpose of seeking to unseal these proceedings to obtain information and documents that Judge Vescovo has found are relevant to the lawsuit filed by Plaintiffs against Durham." Durham asserted that common questions of fact and law existed and that its intervention would not unduly delay or prejudice the adjudication of the rights of the original parties. Durham referenced "the general public right of access to courts and their records."

Durham attached a proposed "Intervenor's Complaint," indicating that it would seek an order *either* unsealing the record *or* modifying the agreed order to allow Durham to access the information and documents filed in the case solely for purposes of the lawsuit filed against it.[4] Durham emphasized that it did not intend for the information to be made available to the general public and suggested that the "the seal can just be limited to the original parties to this lawsuit and Durham." Durham also suggested that a protective order could be entered in federal court to prevent exposure of the protected information. Durham also attached to its motion to intervene the complaint filed by the Kochers against Durham, the answer filed by Durham asserting comparative fault, the Kochers' discovery responses, and Judge Vescovo's order.

The Kochers and the Beardens opposed Durham's attempt to intervene and its attempt to modify the agreed order sealing the record. According to the response filed by the Beardens, the original matter had already been concluded by a settlement that was approved by the court and completed by the Kochers, Beardens, and the Beardens' insurance carrier. The Beardens argued that permissive intervention was prohibited because no question remained for adjudication in the Kocher-Bearden case. They claimed that Durham was attempting to inject new claims or issues in the case. The Beardens acknowledged the pending federal case involving Durham's allegedly negligent operation of the school bus but insisted that no common legal or factual question existed for resolution. The Beardens suggested that the Kocher-Bearden case involved "a different theory of liability, Mr. Bearden's negligent driving." They also argued that permitting Durham to intervene would substantially prejudice the original parties, their insurer, and the guardian ad litem, while only furthering Durham's private interest in discovery.

---

[4]Durham later filed a separate motion to modify the order sealing the record apart from its motion to intervene.

The circuit court held a hearing on September 14, 2016, in order to consider Durham's motion to intervene and its motion to modify the agreed order sealing the case. The circuit court denied both motions, stating, "Durham has not met its burden to establish the common legal or factual questions necessary to sustain permissive intervention under T.R.C.P. 24.02 or its burden to justify modification of the Court's prior protective order of July 20, 2015." However, for the benefit of the district court, the circuit court judge read into the transcript the provisions of the agreed order sealing the record. Durham timely filed a notice of appeal to this Court.

While this appeal was pending, the discovery disputes continued in district court.[5] Durham filed a renewed motion to compel discovery, which a magistrate judge granted in part, requiring the Kochers to reveal the monetary settlement amount that resolved their claim against the Beardens. The magistrate judge concluded that the agreed order from circuit court "only sealed from the public the following documents: the joint petition, the order approving the joint petition, the guardian ad litem's report, and the agreed order sealing the file." The magistrate judge's ruling was reviewed and upheld by the district court judge. He concluded that "disclosure of the settlement amount does not conflict with the Order Sealing the Case entered . . . in the related Circuit Court matter" as it "made no reference to divulging the contents of the settlement agreement."

At oral argument before this Court, Durham's attorney explained that the issues raised in this appeal are not moot because Durham still seeks access to the documents that were filed in the circuit court case and remain under seal.

## II. ISSUES PRESENTED

Durham presents the following issues for review on appeal:

1.     Whether the trial court erred in finding that Durham was not entitled to permissive intervention pursuant to Rule 24.02 when Durham sought to modify the order sealing the case; and

2.     Whether the trial court erred in denying Durham's motion to modify the agreed order sealing the case.

For the following reasons, we reverse the trial court's denial of the motion to intervene, vacate its denial of the motion to modify the order sealing the record, and remand for further proceedings.

---

[5]Durham filed a motion to consider post-judgment facts with regard to the order entered by the district court. That motion is hereby granted.

## III. DISCUSSION

### A. Motion to Intervene

Tennessee Rule of Civil Procedure 24.02 governs permissive intervention. Durham sought to intervene pursuant to Rule 24.02(2), which provides:

> Upon timely application anyone may be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Tenn. R. Civ. P. 24.02(2). Simply put, "[i]f the would-be intervenor's claim or defense contains a question of law or fact that is also raised by the main action then the requirement of the rule has been satisfied and the trial court is afforded discretion to permit intervention." *Ballard v. Herzke*, 924 S.W.2d 652, 656 (Tenn. 1996) (citing Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 7C *Federal Practice and Procedure Civil 2d*, § 1911, pp. 358-63 (West 1986)).

*Ballard* is procedurally analogous to this case and particularly instructive with regard to the issue before us. In *Ballard*, a newspaper and group of journalists filed a motion to intervene in a case for the purpose of requesting that the trial court rescind a protective order so that all proceedings and records would be open to the press and the public. *Id.* The trial court allowed them to intervene and modified the protective order. *Id.* The case eventually made its way to the Tennessee Supreme Court. The court first addressed the issue of permissive intervention. The court concluded that "third parties, including media entities, should be allowed to intervene to seek modification of protective orders to obtain access to judicial proceedings or records." *Id.* at 657 (citations omitted). The court continued,

> In such circumstances, intervention "is not dependent on, nor is it determined by, the status or identification of the parties nor the nature of the dispute." [citation omitted] Moreover, the question of intervention is collateral to, and does not have any bearing on, the primary issue— modification of the protective order. What is necessary is that the proposed intervenor demonstrate that its claims have "a question of law or fact in common" with the main action.
>
> Here, as in all such cases, by virtue of the fact that the media entities challenge the validity of the protective order entered in the main action,

they meet the requirement of Rule 24.02, that their claim have "a question of law or fact in common" with the main action.

*Id.* The court explained that once a common question of law or fact is established, the decision to allow intervention is a matter entrusted to the trial court's discretion. *Id.* at 658.[6]

Thus, *Ballard* and other Tennessee cases have "firmly establishe[d] the right of the public, including the media, to intervene in court proceedings for the purpose of attending the proceedings, or for the purpose of petitioning the Court to unseal documents and allow public inspection of them." *Knoxville News-Sentinel v. Huskey*, 982 S.W.2d 359, 362 (Tenn. Crim. App. 1998). In the case before us, the proposed intervenor, Durham, challenges the continuing validity of the agreed order sealing the record. Applying the reasoning of *Ballard*, we conclude that Durham meets the requirement of Rule 24.02 of a question of law or fact in common with the main action. Accordingly, we disagree with the trial court's finding that "Durham has not met its burden to establish the common legal or factual questions necessary to sustain permissive intervention under T.R.C.P. 24.02."

We also disagree with the appellees' argument on appeal that no question or issue regarding the protective order remained pending or ongoing for the trial court to adjudicate. *See Ballard*, 924 S.W.2d at 659 ("Once entered, protective orders need not remain in place permanently, [] and their terms are not immutable. It is well-settled that a trial court retains the power to modify or lift a protective order that it has entered."); *Autin v. Goetz*, No. W2016-00099-COA-R3-CV, 2017 WL 702494, at *18 (Tenn. Ct. App. Feb. 22, 2017) (*no perm. app. filed*) (concluding that "the trial court's well-settled power to modify a protective order extends for the life of the protective order" and "is not terminated by the dismissal of the underlying cause of action"). The trial court retains supervisory power over its files and records. *Ballard*, 924 S.W.2d at 662 n.6.

Because a common question of law or fact existed, the trial court was afforded discretion to permit intervention. *See id.* at 656. Rule 24.02 provides that "[i]n exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Despite the appellees' arguments to the contrary, we conclude that Durham did not seek to inject any

---

[6]"A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *State v. Davis*, 466 S.W.3d 49, 61 (Tenn. 2015) (citing *State v. Clark*, 452 S.W.3d 268, 287 (Tenn. 2014)).

new claims or issues in the Kocher-Bearden case, such as discovery or issues of fault. The Kocher-Bearden case was already settled. Durham sought to intervene only for the limited purpose of modifying the agreed order to gain access to the documents in the record. We discern no undue delay or prejudice to the adjudication of the rights of the original parties if intervention is permitted under the circumstances of this case. We therefore reverse the trial court's decision denying Durham's motion to intervene.[7]

## B. Motion to Modify the Protective Order

As noted above, even though the trial court denied Durham's motion to intervene, it stated in its order that "Durham has not met its burden to establish the common legal or factual questions necessary to sustain permissive intervention under T.R.C.P. 24.02 *or its burden to justify modification of the Court's prior protective order* of July 20, 2015." (Emphasis added.) Accordingly, we will also consider the issue of modifying the protective order.

"'[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.'" *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). "For more than a century, Tennessee courts have recognized the public's right to inspect governmental records." *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 864 (Tenn. 2016) (citing *State ex rel. Wellford v. Williams*, 75 S.W. 948, 959 (Tenn. 1903)). In Tennessee, "[t]here is a presumption of openness for governmental records." *Id.* The Tennessee Constitution expressly provides that "all courts shall be open." Tenn. Const. Art. I, § 17.[8] "The rule that judicial proceedings, including judicial records, are presumptively open is well established in the Constitution

---

[7]We reject the appellees' suggestion that a party seeking to intervene must have "sufficiently aligned or common" interests with an original party, pursuant to the *Ballard* decision. They suggest that Durham cannot intervene in this case because its interests are contrary to those of the Beardens and Kochers. However, a close reading of the *Ballard* decision reveals that it does not establish such a rule.

The defendants in *Ballard* had argued that intervention was not necessary because the existing parties adequately represented the interests of the would-be intervenor. *Id.* at 657; *compare* Tenn. R. Civ. P. 24.01 (requiring consideration of whether the proposed intervenor's interest is "adequately represented by existing parties" for an intervention as of right). The supreme court disagreed with the defendants and found intervention *appropriate* because the intervenor's interest was "*not* identical" to that of the existing parties. *Id.* at 657-58 (emphasis added). The court did not hold that intervention is prohibited if the intervenor has an interest contrary to the original parties.

[8]The appellees argue that this Court cannot consider this Constitutional provision or caselaw that was not cited by Durham in the trial court. We disagree. "It is the duty of this Court to apply the controlling law, for which there is a basis in the record, whether or not cited or relied upon by the parties." *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 658 n.1 (Tenn. 1990).

of Tennessee and case law." *Baugh v. United Parcel Serv., Inc.*, No. M2012-00197-COA-R3-CV, 2012 WL 6697384, at *6 (Tenn. Ct. App. Dec. 21, 2012); *see, e.g., In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 571 (explaining that the permissive intervenor had "a presumptive right of access to documents filed in court"). "[T]he Tennessee Supreme Court has recognized a qualified right of the public, founded in common law and the First Amendment to the United States Constitution, to attend judicial proceedings and to examine the documents generated in those proceedings." *Huskey*, 982 S.W.2d at 362.

Still, the right of access is not absolute, and "[c]ourts have inherent power to seal their records when privacy interests outweigh the public's right to know."[9] *Id.* at 362 n.1. Every court has "inherent supervisory authority" over its own records and files. *In re Lineweaver*, 343 S.W.3d 401, 413 (Tenn. Ct. App. 2010); *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 561. Access may be denied where court files might become vehicles for improper purposes, such as promoting public scandal or publication of libelous statements. *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 561.

Protective orders strike a balance between these public and private concerns. *Ballard*, 924 S.W.2d at 658. "Protective orders are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Id.* Any restriction on public access to judicial proceedings and documents "must be narrowly tailored to accommodate the competing interest without unduly impeding the flow of information." *Huskey*, 982 S.W.2d at 363.

> "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."

---

[9]In *Ballard*, our supreme court discussed the standards governing the issuance of a protective order in the context of discovery pursuant to Tennessee Rule of Civil Procedure 26.03. *See Ballard*, 924 S.W.2d at 658; *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 563 (recognizing that "*Ballard* dealt exclusively with discovery filed with the court and did not address protective orders on unfiled discovery"). However, the case before us does not involve a protective order entered for purposes of discovery, as there was no discovery between the Kochers and the Beardens. Instead, the trial court exercised its inherent authority to seal its record. We find some principles enunciated in *Ballard* to be generally applicable to protective orders like the one entered in this case but do not deem it appropriate to apply *Ballard*'s Rule 26.03 analysis to the protective order before us.

9

*In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quoting *State v. Drake*, 701 S.W.2d 604, 607-08 (Tenn. 1985)). "*Ballard* is but the last in a line of Tennessee cases recognizing the public's right to intervene and examine judicial proceedings when the public's right to know can be balanced against the right of litigants to a fair adjudication of the substantive civil or criminal proceeding." *Huskey*, 982 S.W.2d at 362.

In sum, the reason for sealing judicial records must be "compelling." *Baugh*, 2012 WL 6697384, at *7 (quoting *In re NHC*, 293 S.W.3d at 567). This Court has "caution[ed] trial courts not to seal records simply because a party requests this be done." *Warwick v. Jenkins, Habenicht & Woods, PLLC*, No. E2012-00514-COA-R3-CV, 2013 WL 1788532, at *1 n.1 (Tenn. Ct. App. Apr. 25, 2013). "In order to maintain public confidence in our judicial system it is important that litigation remain open and accessible to the public absent a valid reason for keeping information from the public eye." *Id.*

In the case at bar, the appellate record contains the agreed order sealing the record "due to the sensitive nature of the evidence and factual issues before the Court and the privacy interests of the instant minor [] and his family" in addition to the trial court's order denying modification because Durham failed to meet "its burden to justify modification." On appeal, the appellees assert that this matter involves private litigants and matters of private concern. They represent that the sealed record contains "the Joint Petition for Approval of Minor's Settlement; the Order Appointing the Guardian ad Litem; the Agreed Order Sealing the File; the Order Granting the Joint Petition; and the Report of the Guardian ad Litem, including all exhibits." The appellees argue that disclosure of the currently sealed documents would result in "embarrassment and undue burden" to the Beardens and impact their financial privacy because "insurance coverage correlates to a policy holder's financial net worth." They claim that the Kochers' son is "a vulnerable minor" who should remain "safe from those who might wrongfully exploit information about his settlement." They also argue that revelation of the sealed documents would breach the guardian ad litem's duty of confidentiality and "detrimentally expose the private claim-management practices of [the Beardens' liability insurer]."

This Court is not privy to the documents and information in the record that the trial court deemed appropriate to seal. As a result, we are unable to determine precisely how or if revelation of the information would prejudice the appellees if unsealed. Even assuming for the sake of argument that there is a valid reason for sealing the documents from the view of the general public, we discern no reason why Durham should be prevented from obtaining the documents solely for the limited purpose of defending itself in the Kochers' lawsuit. At the same time, we recognize that "the trial court is in the best

position to weigh fairly the competing needs and interests of the parties" when considering a protective order. *Ballard*, 924 S.W.2d at 661. Due to the lack of detailed information in the appellate record about the sealed documents and the trial court's lack of findings to justify the decision to deny the motion for modification of the protective order, we deem it appropriate to vacate the trial court's denial of the motion and remand for the trial court to consider the issue in light of the principles discussed in this opinion. *See, e.g.*, *Baugh*, 2012 WL 6697384, at *7 (reversing the placement of settlement documents under seal where the trial court did not state any reason for sealing the settlement documents, as we had "no basis upon which to determine that the reason for sealing the records was compelling"). If the trial court determines on remand that the record should remain sealed due to a compelling reason, that reason "is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quotation omitted).

## IV. Conclusion

For the aforementioned reasons, the decision of the trial court is hereby reversed in part, vacated in part, and remanded for further proceedings. Costs of this appeal are taxed to the appellees, Laua Bearden, Sheryl Bearden, Timothy Kocher, and Teresa Kocher, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE