# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
November 13, 2018 Session

### TERESA KOCHER, ET AL. v. LAUA BEARDEN, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-003028-15     Rhynette N. Hurd, Judge**

_____

### No. W2017-02519-COA-R3-CV

_____

This is the second appeal in this dispute involving a third party's attempt to obtain access to a record that was sealed in the trial court pursuant to an agreed order. In the first appeal, this Court explained that judicial records are presumptively open, and the reason for sealing judicial records must be compelling. Because the trial court had not articulated any specific reasons for keeping the record sealed, we remanded for the trial court to reconsider its decision to deny the petitioner access to the record. We said, "If the trial court determines on remand that the record should remain sealed due to a compelling reason, that reason 'is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" *Kocher v. Bearden*, 546 S.W.3d 78, 87 (Tenn. Ct. App. 2017) *perm. app. denied* (Tenn. Oct. 6, 2017) (quoting *In re NHC-Nashville Fire Litig.,* 293 S.W.3d 547, 560 (Tenn. Ct. App. 2008)). Unfortunately, the trial court did not comply with these instructions on remand. After repeatedly expressing disagreement with this Court's decision, the trial judge refused to modify the seal on the record, citing only "confidential information pertaining to the minor plaintiff." Because both the trial court and the appellees have failed to articulate any compelling reason for maintaining the seal to the exclusion of the petitioner, we reverse the order of the trial court and remand for reassignment to a different trial judge and the entry of an order allowing the petitioner to access the sealed record.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Andre Bernard Mathis and John Irving Houseal, Jr., Memphis, Tennessee, for the appellant, Durham School Services, LP.

Hardin Chase Pittman, William Anderson Hampton, and R. Layne Holley, Germantown, Tennessee, for the appellees, Laua Bearden and Sheryl Bearden.

John R. Holton, Memphis, Tennessee, for the appellees, Timothy Kocher and Teresa Kocher.

Darryl D. Gresham, Memphis, Tennessee, Guardian ad Litem.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

The underlying facts and procedural history of this dispute were adequately set forth in this Court's opinion from the first appeal (with original footnotes):

> The original parties involved in this proceeding were Mr. and Mrs. Laua Bearden ("the Beardens") and Mr. and Mrs. Timothy Kocher ("the Kochers") and their minor son. On October 23, 2014, the Kochers' thirteen-year-old son was riding his bicycle to school when he was struck by a truck driven by Mr. Bearden. On July 20, 2015, the Kochers and Beardens filed a "Joint Petition for Approval of Minor's Settlement" in the circuit court of Shelby County. That same day, the circuit court entered an "Agreed Order Sealing File and Barring Public Access to Hearings."[1] The agreed order stated,
>
> > This case is before the Court upon the joint requests of the parties to seal the judicial record of this case from public inspection and to bar public access to the courtroom while the Court hears any matters in this case[.] Having duly considered the contemporaneous Joint Petition for Approval of Minor's Settlement and the statements of counsel for the parties, the Court finds the requests well-taken due to the sensitive nature of the evidence and factual issues before the Court and the privacy interests of the instant minor [ ] and his family[.]

---

[1] When documents are ordered to be filed "under seal," it generally means that the document in question is filed with the court clerk as part of the court's record in the case, but the clerk and the parties are prohibited from showing the document to anyone not a party to the lawsuit. *In re NHC-Nashville Fire Litig.*, 293 S.W.3d 547, 561 (Tenn. Ct. App. 2008). The sealed documents are often kept in an opaque covering, taped shut, in the court clerk's file, and designated as "under seal." *Id.* at 562 n.7.

The agreed order required the court clerk to seal the judicial record and withhold it from public access, "barring all but the parties and the Guardian ad Litem from accessing the record."[2]

Two months later, on September 23, 2015, the Kochers filed a separate lawsuit in circuit court against Durham School Services, LP ("Durham"), asserting claims individually and as parents, guardians, and next friends of their son. Durham provided school bus services to students at the child's middle school. The Kochers alleged that the bus to which their son was assigned was negligently operated on the morning of the accident and left their son's bus stop before the designated time. According to the Kochers, the child returned home and told his father that he was going to ride his bicycle to school, and he was struck by a truck before he reached the school. The Kochers' complaint alleged that Durham's actions proximately caused their child's injuries and damages. The complaint further alleged that "there are no other persons or entities, other than [Durham], who are responsible, either directly or indirectly, for the injuries and damages to Plaintiffs herein."

Durham removed the lawsuit to the United States District Court for the Western District of Tennessee. There, Durham filed an answer asserting that the conduct of other persons, including the driver of the vehicle that struck the child, proximately caused the child's injuries. Durham asserted the comparative fault of the driver, Mr. Bearden. Discovery ensued. Durham propounded interrogatories asking the Kochers to identify all documents they sent to or received from the driver of the vehicle (or his insurer). They also asked whether the Kochers had entered into any compromise or settlement with the driver. The Kochers refused to answer these interrogatories, claiming that such information was subject to a court order prohibiting disclosure. Durham also served the Kochers with requests for production of documents, seeking any documents exchanged with the driver, complaints they filed against him, or settlement agreements with him, but the Kochers again claimed that such information was subject to a court order prohibiting disclosure. Durham also asked for any documents filed in the circuit court case between the Kochers and the Beardens, but the Kochers again refused, stating that the record was "filed under seal."

---

[2] This agreed order is the only document that appears in the appellate record from the original proceeding between the Kochers and the Beardens. The style of the case indicates that the petition was brought by the Kochers as parents, guardians, and next friends of their son, and as "Co–Petitioners/Plaintiffs," and the Beardens were designated as the "Co–Petitioner[s]/Defendant[s]."

Durham subsequently filed a motion to compel discovery. The motion was heard by Chief United States Magistrate Judge Diane Vescovo. Magistrate Judge Vescovo concluded that the documents and information sought by Durham's interrogatories and requests for production of documents were relevant under Rule 26(b)(1) of the Federal Rules of Civil Procedure. However, at the time of the hearing, the agreed order sealing the record in the Kocher–Bearden case remained sealed along with the rest of the record, so the extent of its protection was not clear to Magistrate Judge Vescovo or to Durham. As a result, Magistrate Judge Vescovo directed Durham

> to first file a motion with the Shelby County Circuit Court in Docket No. CT–003028–15 to unseal the case to obtain the information and documents sought in [the discovery requests] and to determine if the order sealing Docket No. CT–003028–15 precludes the plaintiffs from responding to discovery requests propounded in this case, particularly as to documents that are not on file with the Shelby County Circuit Court, such as correspondence predating the filing of the Circuit Court case, sworn statements taken in conjunction with the matter giving rise to the Circuit Court case, or settlement agreements, if any, or to discussing the facts of the case in response to discovery requests or depositions.

The motion to compel discovery was denied without prejudice.

On August 25, 2016, Durham filed a motion to intervene in the Kocher–Bearden case in Shelby County circuit court. Durham sought permissive intervention pursuant to Tennessee Rule of Civil Procedure 24.02 "in order to gain access to certain sealed documents filed in this matter." Specifically, Durham sought intervention "for the limited purpose of seeking to unseal these proceedings to obtain information and documents that Judge Vescovo has found are relevant to the lawsuit filed by Plaintiffs against Durham." Durham asserted that common questions of fact and law existed and that its intervention would not unduly delay or prejudice the adjudication of the rights of the original parties. Durham referenced "the general public right of access to courts and their records."

Durham attached a proposed "Intervenor's Complaint," indicating that it would seek an order *either* unsealing the record *or* modifying the agreed order to allow Durham to access the information and documents

filed in the case solely for purposes of the lawsuit filed against it.[3] Durham emphasized that it did not intend for the information to be made available to the general public and suggested that the "the seal can just be limited to the original parties to this lawsuit and Durham." Durham also suggested that a protective order could be entered in federal court to prevent exposure of the protected information. Durham also attached to its motion to intervene the complaint filed by the Kochers against Durham, the answer filed by Durham asserting comparative fault, the Kochers' discovery responses, and Judge Vescovo's order.

The Kochers and the Beardens opposed Durham's attempt to intervene and its attempt to modify the agreed order sealing the record. According to the response filed by the Beardens, the original matter had already been concluded by a settlement that was approved by the court and completed by the Kochers, Beardens, and the Beardens' insurance carrier. The Beardens argued that permissive intervention was prohibited because no question remained for adjudication in the Kocher–Bearden case. They claimed that Durham was attempting to inject new claims or issues in the case. The Beardens acknowledged the pending federal case involving Durham's allegedly negligent operation of the school bus but insisted that no common legal or factual question existed for resolution. The Beardens suggested that the Kocher–Bearden case involved "a different theory of liability, Mr. Bearden's negligent driving." They also argued that permitting Durham to intervene would substantially prejudice the original parties, their insurer, and the guardian ad litem, while only furthering Durham's private interest in discovery.

The circuit court held a hearing on September 14, 2016, in order to consider Durham's motion to intervene and its motion to modify the agreed order sealing the case. The circuit court denied both motions, stating, "Durham has not met its burden to establish the common legal or factual questions necessary to sustain permissive intervention under T.R.C.P. 24.02 or its burden to justify modification of the Court's prior protective order of July 20, 2015." However, for the benefit of the district court, the circuit court judge read into the transcript the provisions of the agreed order sealing the record. Durham timely filed a notice of appeal to this Court.

While this appeal was pending, the discovery disputes continued in district court.[4] Durham filed a renewed motion to compel discovery, which

---

[3] Durham later filed a separate motion to modify the order sealing the record apart from its motion to intervene.

[4] Durham filed a motion to consider post-judgment facts with regard to the order entered by the district court. That motion is hereby granted.

a magistrate judge granted in part, requiring the Kochers to reveal the monetary settlement amount that resolved their claim against the Beardens. The magistrate judge concluded that the agreed order from circuit court "only sealed from the public the following documents: the joint petition, the order approving the joint petition, the guardian ad litem's report, and the agreed order sealing the file." The magistrate judge's ruling was reviewed and upheld by the district court judge. He concluded that "disclosure of the settlement amount does not conflict with the Order Sealing the Case entered . . . in the related Circuit Court matter" as it "made no reference to divulging the contents of the settlement agreement."

At oral argument before this Court, Durham's attorney explained that the issues raised in this appeal are not moot because Durham still seeks access to the documents that were filed in the circuit court case and remain under seal.

*Kocher v. Bearden*, 546 S.W.3d 78, 80-83 (Tenn. Ct. App. 2017) ("*Kocher I*").

On appeal in *Kocher I*, we first considered whether the trial court erred in finding that Durham was not entitled to intervene pursuant to Rule 24.02, then we considered whether the trial court erred in denying Durham's motion to modify the agreed order sealing the case. *Id.* at 83. We found the Tennessee Supreme Court's decision in *Ballard v. Herzke*, 924 S.W.2d 652 (Tenn. 1996), instructive as to both issues:

> *Ballard* is procedurally analogous to this case and particularly instructive with regard to the issue before us. In *Ballard*, a newspaper and group of journalists filed a motion to intervene in a case for the purpose of requesting that the trial court rescind a protective order so that all proceedings and records would be open to the press and the public. *Id.* The trial court allowed them to intervene and modified the protective order. *Id.* The case eventually made its way to the Tennessee Supreme Court. The court first addressed the issue of permissive intervention. The court concluded that "third parties, including media entities, should be allowed to intervene to seek modification of protective orders to obtain access to judicial proceedings or records." *Id.* at 657 (citations omitted). The court continued,
>
>> In such circumstances, intervention "is not dependent on, nor is it determined by, the status or identification of the parties nor the nature of the dispute." [citation omitted] Moreover, the question of intervention is collateral to, and does not have any bearing on, the primary issue—modification of the protective order. What is necessary is that the proposed

- 6 -

> intervenor demonstrate that its claims have "a question of law or fact in common" with the main action.
>
> Here, as in all such cases, by virtue of the fact that the media entities challenge the validity of the protective order entered in the main action, they meet the requirement of Rule 24.02, that their claim have "a question of law or fact in common" with the main action.

*Id.* The court explained that once a common question of law or fact is established, the decision to allow intervention is a matter entrusted to the trial court's discretion. *Id.* at 658.[5]

Thus, *Ballard* and other Tennessee cases have "firmly establishe[d] the right of the public, including the media, to intervene in court proceedings for the purpose of attending the proceedings, or for the purpose of petitioning the Court to unseal documents and allow public inspection of them." *Knoxville News–Sentinel v. Huskey*, 982 S.W.2d 359, 362 (Tenn. Crim. App. 1998). In the case before us, the proposed intervenor, Durham, challenges the continuing validity of the agreed order sealing the record. Applying the reasoning of *Ballard*, we conclude that Durham meets the requirement of Rule 24.02 of a question of law or fact in common with the main action. Accordingly, we disagree with the trial court's finding that "Durham has not met its burden to establish the common legal or factual questions necessary to sustain permissive intervention under T.R.C.P. 24.02."

We also disagree with the appellees' argument on appeal that no question or issue regarding the protective order remained pending or ongoing for the trial court to adjudicate. *See Ballard*, 924 S.W.2d at 659 ("Once entered, protective orders need not remain in place permanently, [] and their terms are not immutable. It is well-settled that a trial court retains the power to modify or lift a protective order that it has entered."); *Autin v. Goetz*, 524 S.W.3d 617, 630 (Tenn. Ct. App. 2017) (no perm. app. filed) (concluding that "the trial court's well-settled power to modify a protective order extends for the life of the protective order" and "is not terminated by the dismissal of the underlying cause of action"). The trial court retains supervisory power over its files and records. *Ballard*, 924 S.W.2d at 662 n.6.

---

[5] "A trial court abuses its discretion when it applies an incorrect legal standard, reaches an illogical conclusion, bases its decision on a clearly erroneous assessment of the evidence, or employs reasoning that causes an injustice to the complaining party." *State v. Davis*, 466 S.W.3d 49, 61 (Tenn. 2015) (citing *State v. Clark*, 452 S.W.3d 268, 287 (Tenn. 2014)).

*Id*. at 83-84. In sum, with respect to the issue of intervention, this Court concluded that Durham did not seek to inject any new claims or issues in the Kocher-Bearden case, as it sought to intervene only for the limited purpose of modifying the agreed order to gain access to the documents in the record, and we perceived no undue delay or prejudice to the adjudication of the rights of the original parties if intervention was permitted. *Id.* at 84-85. As a result, we reversed the trial court's decision to deny Durham's motion to intervene. *Id.* at 85.

Next, we considered the issue of whether the agreed order sealing the record should have been modified. We explained:

> "'[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.'" *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)). "For more than a century, Tennessee courts have recognized the public's right to inspect governmental records." *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 864 (Tenn. 2016) (citing *State ex rel. Wellford v. Williams*, 110 Tenn. 549, 75 S.W. 948, 959 (1903)). In Tennessee, "[t]here is a presumption of openness for governmental records." *Id.* The Tennessee Constitution expressly provides that "all courts shall be open." Tenn. Const. Art. I, § 17. "The rule that judicial proceedings, including judicial records, are presumptively open is well established in the Constitution of Tennessee and case law." *Baugh v. United Parcel Serv., Inc.*, No. M2012-00197-COA-R3-CV, 2012 WL 6697384, at *6 (Tenn. Ct. App. Dec. 21, 2012); *see, e.g., In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 571 (explaining that the permissive intervenor had "a presumptive right of access to documents filed in court"). "[T]he Tennessee Supreme Court has recognized a qualified right of the public, founded in common law and the First Amendment to the United States Constitution, to attend judicial proceedings and to examine the documents generated in those proceedings." *Huskey*, 982 S.W.2d at 362.
>
> Still, the right of access is not absolute, and "[c]ourts have inherent power to seal their records when privacy interests outweigh the public's right to know."[6] *Id.* at 362 n.1. Every court has "inherent supervisory

---

[6] In *Ballard*, our supreme court discussed the standards governing the issuance of a protective order in the context of discovery pursuant to Tennessee Rule of Civil Procedure 26.03. *See Ballard*, 924 S.W.2d at 658; *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 563 (recognizing that "*Ballard* dealt exclusively with discovery filed with the court and did not address protective orders on unfiled discovery"). However, the case before us does not involve a protective order entered for purposes of discovery, as there was no discovery between the Kochers and the Beardens. Instead, the trial court exercised its

authority" over its own records and files. *In re Lineweaver*, 343 S.W.3d 401, 413 (Tenn. Ct. App. 2010); *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 561. Access may be denied where court files might become vehicles for improper purposes, such as promoting public scandal or publication of libelous statements. *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 561.

Protective orders strike a balance between these public and private concerns. *Ballard*, 924 S.W.2d at 658. "Protective orders are intended to offer litigants a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings." *Id.* Any restriction on public access to judicial proceedings and documents "must be narrowly tailored to accommodate the competing interest without unduly impeding the flow of information." *Huskey*, 982 S.W.2d at 363.

> "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."

*In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quoting *State v. Drake*, 701 S.W.2d 604, 607-08 (Tenn. 1985)). "*Ballard* is but the last in a line of Tennessee cases recognizing the public's right to intervene and examine judicial proceedings when the public's right to know can be balanced against the right of litigants to a fair adjudication of the substantive civil or criminal proceeding." *Huskey*, 982 S.W.2d at 362.

In sum, the reason for sealing judicial records must be "compelling." *Baugh*, 2012 WL 6697384, at *7 (quoting *In re NHC*, 293 S.W.3d at 567). This Court has "caution[ed] trial courts not to seal records simply because a party requests this be done." *Warwick v. Jenkins, Habenicht & Woods, PLLC*, No. E2012-00514-COA-R3-CV, 2013 WL 1788532, at *1 n.1 (Tenn. Ct. App. Apr. 25, 2013). "In order to maintain public confidence in our judicial system it is important that litigation remain open and accessible to the public absent a valid reason for keeping information from the public eye." *Id.*

---

inherent authority to seal its record. We find some principles enunciated in *Ballard* to be generally applicable to protective orders like the one entered in this case but do not deem it appropriate to apply *Ballard'*s Rule 26.03 analysis to the protective order before us.

In the case at bar, the appellate record contains the agreed order sealing the record "due to the sensitive nature of the evidence and factual issues before the Court and the privacy interests of the instant minor [ ] and his family" in addition to the trial court's order denying modification because Durham failed to meet "its burden to justify modification." On appeal, the appellees assert that this matter involves private litigants and matters of private concern. They represent that the sealed record contains "the Joint Petition for Approval of Minor's Settlement; the Order Appointing the Guardian ad Litem; the Agreed Order Sealing the File; the Order Granting the Joint Petition; and the Report of the Guardian ad Litem, including all exhibits." The appellees argue that disclosure of the currently sealed documents would result in "embarrassment and undue burden" to the Beardens and impact their financial privacy because "insurance coverage correlates to a policy holder's financial net worth." They claim that the Kochers' son is "a vulnerable minor" who should remain "safe from those who might wrongfully exploit information about his settlement." They also argue that revelation of the sealed documents would breach the guardian ad litem's duty of confidentiality and "detrimentally expose the private claim-management practices of [the Beardens' liability insurer]."

This Court is not privy to the documents and information in the record that the trial court deemed appropriate to seal. As a result, we are unable to determine precisely how or if revelation of the information would prejudice the appellees if unsealed. Even assuming for the sake of argument that there is a valid reason for sealing the documents from the view of the general public, we discern no reason why Durham should be prevented from obtaining the documents solely for the limited purpose of defending itself in the Kochers' lawsuit. At the same time, we recognize that "the trial court is in the best position to weigh fairly the competing needs and interests of the parties" when considering a protective order. *Ballard*, 924 S.W.2d at 661. Due to the lack of detailed information in the appellate record about the sealed documents and the trial court's lack of findings to justify the decision to deny the motion for modification of the protective order, we deem it appropriate to vacate the trial court's denial of the motion and remand for the trial court to consider the issue in light of the principles discussed in this opinion. *See, e.g., Baugh*, 2012 WL 6697384, at *7 (reversing the placement of settlement documents under seal where the trial court did not state any reason for sealing the settlement documents, as we had "no basis upon which to determine that the reason for sealing the records was compelling"). If the trial court determines on remand that the record should remain sealed due to a compelling reason, that reason "is to be articulated along with findings specific enough that a reviewing court

- 10 -

can determine whether the closure order was properly entered." *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quotation omitted).

*Id.* at 85-87 (one footnote omitted). On October 6, 2017, the Tennessee Supreme Court denied permission to appeal in *Kocher I.*

On remand, Durham filed an amended and supplemental motion to modify the agreed order sealing the record. In its motion, Durham emphasized that it only sought modification of the order to permit it to obtain the documents for the sole purpose of defending itself in the pending federal court lawsuit filed against it by the Kochers, where it was attempting to prove that Mr. Bearden was at fault for the subject accident. Durham suggested that the Kochers may have taken diametrically opposed positions in the two proceedings—alleging in the federal lawsuit that Durham was solely responsible for the accident, while taking the position in the Kocher-Bearden proceeding that Mr. Bearden's negligent driving caused the minor child's injuries. Durham noted that the federal court had already concluded that the information sought was relevant to the federal lawsuit. Durham also suggested that the documents would be relevant to whether the Kochers are biased in favor of Mr. Bearden, as the Kochers and Beardens would be witnesses in the federal case. Durham insisted that the documents would not be used for any improper purpose and noted that it would only be permitted to use the documents in the federal court proceeding to the extent permitted by the federal court.

The Beardens filed a response to Durham's amended motion to modify the agreed order stating that they would "neither consent to nor oppose" the motion "so long as any order granting the instant Motion" maintained the seal for all parties except Durham, the guardian ad litem, and the original parties and further required Durham to destroy its copies of any documents from the record once the federal lawsuit was concluded.

The Kochers did not file a response to Durham's motion, but their attorney and the guardian ad litem appeared at the hearing on the motion and argued in favor of maintaining the seal on the record. At the outset of the hearing, the trial judge stated, "So the Court of Appeals did not agree with me, and I don't agree with the Court of Appeals. I'll just say that right up front." As an initial matter, the trial judge questioned whether Durham was automatically entitled to access the sealed record by virtue of its intervention in the case when the original agreed order barred "all but the parties and the Guardian ad Litem from accessing the record." After some argument about the issue, the trial judge ultimately concluded that the original agreed order did not include Durham as a party and therefore did not allow Durham to automatically access the record upon intervention. The court then considered the substance of Durham's motion to modify the agreed order sealing the record.

Durham informed the court that it only sought to access three documents in the sealed record—the joint petition to approve the settlement, the order approving the joint

petition, and the guardian ad litem's report. Durham reiterated that it only sought a limited modification to the seal to allow it to use these documents in the federal court lawsuit filed by the Kochers. Durham explained that it intended to file the documents under seal in federal court and noted that protective orders were already in place in the federal court lawsuit dictating how the parties could use certain documents. Given these measures, Durham argued that its proposed modification was narrowly tailored and that the Kochers and Beardens would still be afforded a great deal of privacy, especially in light of the fact that the Kochers filed the federal lawsuit putting their child's private matters at issue.

The trial judge asked counsel for the Kochers whether the purpose of the seal would be contravened in any way by Durham having access to the record. Counsel responded, "It absolutely would." When asked to explain, he said, "Your Honor ordered it sealed because you did not feel the information there should go anywhere outside of the confines of the people in the room that day it was sealed. Period." He suggested that the original seal was intended to protect the minor child and "the folks reporting to the Court" with the understanding that the record would be sealed. He argued, "when a Court decides to seal it as to the folks in that room because of the privacy interest, then I think Your Honor has an obligation to those parties to maintain that in the face of these type of challenges." The trial judge said she had "no doubt about the guardian ad litem report" because it "was written for the purpose of the Court to review and understand on behalf of this minor child what was in that child's best interest," and "when it's written under the understanding that it's between the guardian ad litem and the Court, then that's inviolate."

The trial judge repeatedly emphasized her disagreement with this Court, again stating, "I don't agree with them. I'll just let you know that." She said, "And it's just obvious to me when reading this Court of Appeals case that it assumed there was an underlying claim somewhere. There was an underlying lawsuit somewhere. Which there wasn't." She added, "there are just some assumptions that just don't apply here," and also said "there just seemed to have been a lack of comprehension of the nature of what was going on here." The trial judge stated,

> This is a joint petition. It's not a lawsuit. There are no allegations.
> . . . .
> For the record there are none. And well, I should not say there are no allegations. There was an accident, you know, et cetera, et cetera, but in terms of fault.

The trial judge said this case showed "a lack of awareness on the part of the Court of Appeals of what a joint petition is[.]" She insisted there was no allegation of "negligent driving" within the sealed record. Counsel for Durham suggested that the trial court should still unseal the record in order for Durham to determine what it could use in the

federal court lawsuit. However, the trial judge disagreed, stating, "It's the principle of the thing[.]" She suggested that the sealed records could not be relevant if they did not contain "allegations of negligence."

The trial judge eventually announced that she was denying the motion to unseal the record. However, she said, "If I give my reason . . . it violates the seal." The trial judge stated, "I'm not unsealing it for a reason that the Court deems is significant enough[.]" She clarified, however, that her reasoning had "nothing to do with the Beardens" and "nothing to do with the parents' taxes or income or money. . . . It has to do with [the minor]. And nobody needs to know it."

The trial court entered a written order incorporating the transcript by reference. The order referenced "[t]he interests of the original parties to this action [] in ensuring that the confidential information pertaining to the minor plaintiff not be disclosed" and found that "the contents of that file create a compelling interest in maintaining the seal as to the private and confidential information contained therein." The court also said that the file did not contain "any allegation of negligence or fault what-so-ever on the part of the Beardens for the injuries to this child." As such, the court found that "the interests of the original parties is a compelling interest" that would outweigh any interest Durham had in seeking access to the file. Durham timely filed a second notice of appeal to this Court.

## II. Issues Presented

On appeal, Durham presents the following issues for review:

1. Whether the trial court erred in denying Durham's amended motion to modify the order sealing the case; and

2. Whether the trial court erred in determining that Durham was not a "party" to the underlying proceeding.

For the following reasons, we reverse and remand for further proceedings.

## III. Discussion

### A.

We begin with the second issue presented by Durham on appeal—whether the trial court erred in determining that Durham was not a "party" within the meaning of the original agreed order. The trial judge raised this issue *sua sponte* at the hearing on remand, suggesting that if Durham became a "party" to the proceeding by virtue of intervention, Durham would be "covered" by the original agreed order, and "that means

that there doesn't need to be any request for seeing the file because you are now parties." Counsel for the Kochers suggested that according to the trial court's reasoning, "then I can intervene in any case I want, [and] once I'm in, I can see the record." The trial judge agreed, stating, "it has exactly the effect that you're suggesting, that if a case is sealed and someone wants it unsealed, all they have to do is file a motion to intervene for the purpose of unsealing." After hearing argument from counsel, however, the trial judge decided against this theory and held that the original agreed order did not include Durham as a party and therefore did not allow Durham to access the record.

We agree with the trial court's ultimate conclusion. "When interpreting a trial court's order, 'we ascertain the intent of the court, and, if possible, make the order in harmony with the entire record in the case and to be such as ought to have been rendered.'" *Stephens v. Home Depot U.S.A., Inc.*, 529 S.W.3d 63, 73 (Tenn. Ct. App. 2016) (quoting *Byrnes v. Byrnes*, 390 S.W.3d 269, 277 (Tenn. Ct. App. 2012)). The original agreed order referenced "the joint requests of the parties to seal the judicial record" and barred all but "the parties and the Guardian ad Litem from accessing the record," but Durham was not a party at that time, so the agreed order was not intended to encompass Durham.

We also reject the suggestion that permitting intervention under these circumstances automatically allows the intervening party to have access to the sealed record. "'[T]he permissive intervenor fall[s] somewhere in the gray area between spectator and participant. . . . [T]he intervenor's mere presence in an action does not clothe it with the status of an original party.'" *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 572 n.26 (quoting *Harris v. Amoco Prod. Co.*, 768 F.2d 669, 675 (5th Cir. 1985)). As we explained in *Kocher I*, "'third parties . . . should be allowed to intervene *to seek modification* of protective orders *to obtain access* to judicial proceedings or records.'" *Kocher*, 546 S.W.3d at 83 (quoting *Ballard*, 924 S.W.2d at 657) (emphasis added). However, in such circumstances, "the question of intervention is collateral to, and does not have any bearing on, the primary issue—modification of the protective order." *Id.* at 83-84 (quoting *Ballard*, 924 S.W.2d at 657).

### *B.*

We now consider the remaining issue raised by Durham—whether the trial court erred in denying Durham's amended motion to modify the agreed order sealing the record. We review the trial court's decision on such a matter for an abuse of discretion. *Ballard*, 924 S.W.2d at 659; *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560. "'Discretionary decisions must take applicable legal principles into account.'" *Gooding v. Gooding*, 477 S.W.3d 774, 779 (Tenn. Ct. App. 2015) (quoting *BIF, a Div. of Gen. Signals Controls, Inc. v. Serv. Const. Co., Inc.*, No. 87–136–II, 1988 WL 72409, at *2 (Tenn. Ct. App. Jul. 13, 1988)). "When the courts refer to an abuse of discretion, they are simply saying that either the discretion reposed in the lower court judge was not

exercised in conformity with applicable guidelines or the decision was plainly against the logic and effect of the facts before the court." *Id*. (quotation omitted). "'[D]iscretionary choices are not left to a court's inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *State v. Lewis*, 235 S.W.3d 136, 141 (Tenn. 2007) (quoting Martha S. Davis, *Standards of Review: Judicial Review of Discretionary Decisionmaking*, 2 J. App. Prac. & Process 47, 58 (2000)). Thus, an abuse of discretion will be found when the trial court "fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination." *Id.*

This Court thoroughly explained in *Kocher I* that judicial records are presumptively open, that the public has a qualified right to examine documents generated in judicial proceedings, and that a permissive intervenor has a presumptive right of access to documents filed in court. 546 S.W.3d at 85. At the same time, we recognized that records may be sealed when privacy interests outweigh the public's right to know. *Id.* For example, we noted that access may be denied where a court file might become a vehicle for improper purposes, such as promoting public scandal or publication of libelous statements. *Id.* at 86. Still,

> Any restriction on public access to judicial proceedings and documents "must be narrowly tailored to accommodate the competing interest without unduly impeding the flow of information." *Huskey*, 982 S.W.2d at 363.
>
>> "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest. The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered."
>
> *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quoting *State v. Drake*, 701 S.W.2d 604, 607-08 (Tenn. 1985)).

*Id.* On appeal, Durham asserts that the trial court failed to articulate with any specificity a compelling reason for the judicial records to remain under seal. We agree.

The trial court's order after remand does not articulate any overriding or compelling interest "with findings specific enough that a reviewing court can determine whether the closure order was properly entered." *Id.* The trial court made clear that its order was *not* based on any financial interest of the Beardens or Mr. and Mrs. Kocher. She simply said that it was "a reason that the Court deems is significant enough," adding, "It has to do with [the minor]. And nobody needs to know it." The trial court's similarly generic reference in its written order to "confidential information pertaining to the minor

plaintiff" does not allow us to determine whether the closure order was warranted. Instead, we are left to wonder about the reason for the trial court's decision.

In *Ballard*, our supreme court explained that "[t]o facilitate effective appellate review, trial courts should articulate on the record findings supporting its decision," but "[i]n appropriate cases, the trial court may deem it necessary to seal that portion of the record which contains its findings, for in some circumstances, the court's open articulation of its findings would compromise the protective order." 924 S.W.2d at 659. The trial court could have followed this procedure on remand if it believed that it could not sufficiently articulate its rationale with any more specificity.

The appellees have not articulated any justification to warrant maintaining the seal on the record either. On appeal in *Kocher I*, the appellees simply asserted that the Kochers' child was "believed to remain a minor and thus vulnerable to those who might wrongfully prey upon his financial assets from his settlement." However, that concern does not justify the trial court's decision under the circumstances of this case. Durham does not seek to allow public access to the judicial record. It only seeks to utilize the documents in the federal court lawsuit filed against it by the Kochers subject to any protective orders entered by the federal court. Even when the Kochers' attorney was asked on remand to specify how it would contravene the purpose of the seal if Durham was allowed limited access to the record, counsel did not articulate any specific reason beyond "protect[ing] the minor child" and "the folks reporting to the Court." As we said in *Kocher I*, "Even assuming for the sake of argument that there is a valid reason for sealing the documents from the view of the general public, we discern no reason why Durham should be prevented from obtaining the documents solely for the limited purpose of defending itself in the Kochers' lawsuit." 546 S.W.3d at 87. The agreed order can be modified in a way that is narrowly tailored to protect the minor from those who might wrongfully prey on his assets while at the same time permitting Durham to access and potentially use the records in federal court.

The trial court did find that the minor's unspecified interest in his "confidential information" outweighed any interest Durham had in seeking to access the record because the joint petition for approval of the settlement, given its inherent nature, did not contain any "allegation of negligence or fault" on the part of the Beardens. The trial judge initially suggested that there were no allegations of negligence in the sealed record, "none," but then added, "well, I should not say there are no allegations. There was an accident, you know, et cetera, et cetera, but in terms of fault." The trial judge suggested that the sealed records could not be relevant if they did not contain "allegations of negligence." Counsel for Durham disagreed, suggesting that it should nevertheless be permitted to examine the records and determine whether they could be used in the federal court lawsuit. We agree with Durham on this point. This Court is keenly aware of the nature of a joint petition to approve a minor's settlement. However, even the appellees have acknowledged in a brief to this Court that in the Kocher-Bearden proceeding, "the

- 16 -

Kochers alleged a [] theory of liability, Mr. Bearden's negligent driving, and more importantly the Kochers so alleged only in a nominal sense, by way of factual background, merely to enable the Trial Court to consider and approve the minor's settlement." The fact that the sealed documents may not contain strict "allegations of negligence or fault" does not mean that Durham has no interest in reviewing them. As we noted in *Kocher I*, "[t]he Tennessee Supreme Court has recognized a qualified right of the public, founded in common law and the First Amendment to the United States Constitution, to attend judicial proceedings and *to examine the documents generated* in those proceedings." *Id.* at 85 (quoting *Huskey*, 982 S.W.2d at 362) (emphasis added). The fact that this proceeding was in the nature of a joint petition to approve a settlement does not exempt it from review.

On appeal, the appellees argue that this Court applied the wrong legal standard in *Kocher I* when we said that "'the reason for sealing judicial records must be compelling.'" *Id.* at 86 (quoting *Baugh*, 2012 WL 6697384, at *7). The appellees suggest that the "compelling" interest standard originated in *In re NHC-Nashville*, 293 S.W.3d at 566, and that it only applies if the underlying record to be sealed contains a dispositive motion. They acknowledge that this Court in *Kocher I* quoted the aforementioned language directly from the *Baugh* case (which in turn quoted *In re NHC-Nashville*), and *Baugh* applied the compelling interest standard when reviewing a trial court's decision to seal minor settlement documents. However, the appellees suggest that *Baugh* was also wrongly decided and that *Baugh*, as an unreported decision, "is not legally sufficient to support a holding that the compelling-interest standard applies to this case." According to the appellees, "the explicit reasoning of *In re NHC-Nashville* [] cannot be ignored and clearly predicates the compelling-interest standard on very specific criteria: a dispositive motion or other adjudication of the substantive merits of the case, especially in cases implicating public safety." The appellees argue that the Kocher-Bearden case did not involve a dispositive motion, and therefore, the compelling interest standard does not apply. We disagree.

The language originally used by the Court in *In re NHC-Nashville* was as follows:

[The appellant] rightly emphasizes that the sealed documents were filed in connection with a dispositive motion. A number of courts have determined that sealing documents filed in connection with a dispositive motion requires a compelling reason. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988); *Dreiling v. Jain*, 151 Wash.2d 900, 93 P.3d 861, 867 (2004). This is "because the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179

- 17 -

(quoting *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

> Moreover, the court must consider whether the information sought to be shielded from public view is "important to public health and safety." *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995); *see also Brown & Williamson Tobacco v. FTC*, 710 F.2d 1165,1180 (6th Cir. 1983). Here, of course, the subject matter of the litigation related to public health and safety, because it arose out of a nursing home fire that resulted in multiple deaths.

> The authority cited by [the appellant] *underscores* that there must be a compelling reason to seal judicial records filed in connection with a dispositive motion, especially on an issue of public safety, and that the burden for showing such a compelling reason is on the party who seeks to prevent public access to the public records.

*In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 566-67 (emphasis added).  We said that the intervenor had "a presumptive right of access to documents filed in court, *particularly* documents filed in connection with a dispositive motion."  *Id.* at 571 (emphasis added).

As the cases we cited demonstrate, some jurisdictions, such as the Ninth Circuit, have distinguished between sealing records containing "dispositive" motions and those containing "nondispositive" motions, applying a "compelling" reason standard to dispositive motions and a "good cause" standard to nondispositive motions.  *See, e.g., Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir.) *cert. denied sub nom.* 137 S. Ct. 38, 196 L. Ed. 2d 26 (2016).  However, even in courts that follow such a rule, the joint petition to approve the settlement in this case would be deemed a "dispositive" motion subject to the compelling interest standard.[7]  *See, e.g., Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 4207245, at *7 (N.D. Cal. Sept. 4,

---

[7] The Ninth Circuit recently clarified its dispositive/nondispositive approach and rejected the notion that the "compelling reasons" test only applies if the motion was "literally dispositive." *Ctr. for Auto Safety*, 809 F.3d at 1098.  Under such a narrow approach, "the public would not be presumed to have regular access to much (if not most) of the litigation in federal court, as that litigation rarely falls into the narrow category of 'dispositive.'" *Id.*  "Most litigation in a case is not literally 'dispositive,' but nevertheless involves important issues and information to which our case law demands the public should have access." *Id.*  The court reiterated that the compelling reasons test applies to *most* judicial records, and "public access will turn on whether the motion is more than tangentially related to the merits of a case." *Id.* at 1101.  The Ninth Circuit also summarized some of the approaches taken in different circuits and noted that two circuits "directly reject a literal divide between dispositive and nondispositive motions." *Id.* at 1100.  The Sixth Circuit differentiates between discovery materials and adjudicative materials, stating that the line between the two "is crossed when the parties place material in the court record." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016).  "Only the most compelling reasons can justify non-disclosure of judicial records." *Id.* (quotation omitted).

2018) ("Preliminary approval of a settlement is an issue more than tangentially related to the merits of the case, and therefore the 'compelling reasons' standard applies."); *Estate of Levingston v. Cty. of Kern*, No. 1:16-CV-00188-DAD-JLT, 2017 WL 4700015, at *1 n.1 (E.D. Cal. Oct. 19, 2017) (concluding that a petition for approval of a minor's settlement was a dispositive motion subject to the compelling reasons standard because it would dispose of the claims at issue); *Johnson v. Bank of Am. NA*, No. CV-16-04410-PHX-JJT, 2017 WL 9988653, at *1 (D. Ariz. May 30, 2017) ("[T]he material the parties seek to seal in whole appears in a settlement agreement that the Court must by law review and approve. It is hard to imagine a document more core to the disposition of this matter. If upon review, the Court rejects the settlement agreement, the matter continues; if it approves the agreement, the matter will be disposed. . . . A showing of compelling reasons to seal the entire document is thus required[.]"); *Hall v. Cty. of Fresno*, No. 1:11-CV-2047-LJO-BAM, 2016 WL 374550, at *5 (E.D. Cal. Feb. 1, 2016) ("the parties' settlement motion is a dispositive motion for sealing purposes"); *M.F. v. U.S.*, No. C13-1790JLR, 2015 WL 630946, at *2 (W.D. Wash. Feb. 12, 2015) ("The 'compelling reasons' standard applies to this motion because approval of the minor settlement agreement is dispositive of the proceeding.")

We express no opinion as to the correctness of the appellees' suggestion that some lower standard would apply if we were in fact considering a motion to unseal a record that contained only a "nondispositive" motion.[8] We simply conclude that *Kocher I* was correct to apply the compelling reason standard utilized by the courts in *Baugh* and *In re NHC-Nashville* considering the nature of the record at issue in this case.

Under Tennessee law, the presumption of openness that applies to judicial proceedings and judicial records "'may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *In re NHC-Nashville Fire Litig.*, 293 S.W.3d at 560 (quoting *Drake*, 701 S.W.2d at 607-08). Despite having multiple opportunities—in the original agreed order, the first order denying Durham's motion to unseal the record, and the second order denying Durham's amended motion on remand—the trial court has failed to articulate any overriding or compelling interest that would justify denying Durham limited access to the sealed record under the circumstances of this case. The appellees have failed to offer any compelling reason either, during the hearings below or in their arguments to this Court. Unlike in the first appeal, the sealed documents are now contained within the appellate record. We have carefully reviewed the sealed documents and discern no overriding or compelling interest that would overcome the presumption of openness or indicate that closure is essential to preserving higher values. As a result, we reverse the trial court's order denying Durham's amended motion to modify and remand for entry of

---

[8] In *Raines Bros., Inc. v. Chitwood*, No. E2015-01430-COA-R3-CV, 2016 WL 3090902, at *10-11 (Tenn. Ct. App. May 24, 2016), this Court cited both the good cause analysis and the compelling reasons standard when reviewing a trial court's decision to seal documents filed in connection with a motion for attorney's fees.

an order granting the motion and permitting Durham to access the sealed record for use in connection with the federal court lawsuit filed by the Kochers. *See Baugh*, 2012 WL 6697384, at *7 (reversing the placement of settlement documents under seal where the trial court did not state any reason for sealing the settlement documents, as we had "no basis upon which to determine that the reason for sealing the records was compelling"). On remand, the presiding judge of the 30th Judicial District is directed to assign this case to a different trial judge.

## IV.    CONCLUSION

For the aforementioned reasons, the decision of the trial court is reversed and remanded. Costs of this appeal are taxed to the appellees, Laua Bearden, Sheryl Bearden, Timothy Kocher, and Teresa Kocher, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE
